IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSE CAMPBELL,                           :
                                         :
      Plaintiff,                         :
                                         :
v.                                       :
                                         :
JAMES H. LEGG, *et al.*,                 :        CIVIL ACTION NO.
                                         :        1:20-cv-01912-LMM
                                         :
                                         :
      Defendants.                        :

## **ORDER**

This matter is before the Court on Defendant James H. Legg's Motion to Dismiss [47]. After due consideration, the Court enters the following Order:

**I.   BACKGROUND**

Plaintiff Rose Campbell brought this action under 42 U.S.C. § 1983 alleging violations of her constitutional rights by the City of Alpharetta, Georgia; the Alpharetta Police Department; the Department's Chief of Police, John Robison, in his official and personal capacities; and Defendant and Michael Swerdlove, in their official and personal capacities. See Dkt. No. [1]. Plaintiff's allegations arise from a traffic stop conducted on May 3, 2018, during which, Plaintiff alleges, Defendant and Mr. Swerdlove directed excessive force at her, causing physical, mental, and financial injuries. See id.

Plaintiff initiated this action on May 3, 2020. As of October 23, 2020, Defendant had not been served with process. During a telephone conference on that day, Plaintiff orally moved for an extension of time to serve Defendant and the Court directed Plaintiff to file a written motion to that effect. Dkt. No. [30]. Plaintiff did not do so. On February 25, 2021, the Court *sua sponte* directed Plaintiff to show cause within 14 days why her claims against Defendant in his individual capacity should not be dismissed, under Federal Rule of Civil Procedure 4(m), for failure to serve.[1] Dkt. No. [42]. Plaintiff then submitted a Return of Service and an accompanying affidavit, both signed by a process server. Dkt. Nos. [45], [45-1]. Both documents stated process had been served on an individual named Margo Varn, who purportedly was a person of suitable age and discretion residing at Defendant's place of abode in Anchorage, Alaska. Id. Defendant now moves to dismiss Plaintiff's claims against him for lack of personal jurisdiction and insufficient service of process. Dkt. No. [47] at 1. The Motion has been fully briefed, see Dkt. Nos. [48], [49], and the matter is now ripe for the Court's review.

II.  **LEGAL STANDARD**

"Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant[.]" Laster v. City of Albany, Ga., Water, Gas & Light Co., 517 F. App'x 777, 777 (11th Cir. 2013) (per curiam). Rule 4(m)

---

[1] By that time, the Court had dismissed all claims Plaintiff raised against Defendant in his official capacity. See Dkt. No. [41].

allows a plaintiff 90 days to serve a defendant, subject to exceptions not relevant here. A "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c). If a plaintiff fails to properly serve a defendant within 90 days, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. 4(m). "Good cause exists 'only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (alterations omitted) (quoting Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam)). "Even in the absence of good cause," however, "a district court has the discretion to extend the time for service of process." Id.

### III.   DISCUSSION

#### A.   Compliance with Rule 4(e)

Rule 4(e) provides two avenues for serving a defendant with process. First, a plaintiff may use any of the methods provided by Rule 4(e)(2): (i) "delivering a copy of the summons and of the complaint to the individual personally," (ii) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (iii) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Second, a plaintiff may avail herself of any method of service provided

3

by the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Because Defendant was purportedly served in Alaska, Plaintiff was permitted to follow Rule 4(e)(2), the Georgia rules, or the Alaska rules. All, however, are the same. <u>Compare</u> Fed. R. Civ. P. 4(e)(2), <u>with</u> Alaska R. Civ. P. 4(d)(1), <u>and</u> O.C.G.A. § 9-11-4(e)(7). Plaintiff relies exclusively on those rules' provisions allowing her to leave copies of the summons and complaint with someone of suitable age and discretion who resides at Defendant's usual place of abode.

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." <u>Familia De Boom v. Arosa Mercantil, S.A.</u>, 629 F.2d 1134, 1139 (5th Cir. 1980), <u>abrogated in part on other grounds by</u> <u>Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694 (1982); <u>see also</u> <u>Profit v. Americold Logistics, LLC</u>, 248 F.R.D. 293, 296 (N.D. Ga. 2008). "As a general rule, a signed return of service constitutes prima facie evidence of valid service." <u>Insituform Techs., Inc. v. AMerik Supplies, Inc.</u>, 588 F. Supp. 2d 1349, 1353 (N.D. Ga. 2008). When a return of service has been filed, the burden shifts to the defendant to provide "strong and convincing evidence" of improper service. <u>Id.</u>; <u>see also</u> <u>Lowdon PTY Ltd. v. Westminster Ceramics, LLC</u>, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (defendant must "produc[e] affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction"). "If the plaintiff presents countering evidence, 'the court must

construe all reasonable inferences in favor of the plaintiff.'" Lowdon, 534 F. Supp. 2d at 1360 (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

Here, Plaintiff has filed a Return of Service and an accompanying affidavit, both signed by a process server—the latter under penalty of perjury—attesting that copies of the summons and complaint were left with Ms. Varn. Dkt. Nos. [45], [45-1]. Both documents assert Ms. Varn is a person of suitable age and discretion who resides at Defendant's usual place of abode. Id. Thus, although Plaintiff has offered no further information about the service of process at Defendant's Anchorage address, Plaintiff has put forward prima facie evidence of valid service.

In response, Defendant submits two declarations made under penalty of perjury. In the first, Defendant states Ms. Varn is his mother-in-law; that she resides in Jacksonville, Florida; and that Defendant has never authorized Ms. Varn to accept service of process on his behalf. Dkt. No. [47-2] ¶ 6. The second declaration is from Ms. Varn herself. She states she has resided in Jacksonville for 45 years, has never resided in Anchorage, and was merely visiting Defendant when she was given a "package" for him. Dkt. No. [49-1] ¶¶ 2–4. She says she was unaware the "package" contained a summons and complaint and was never asked if she "could accept service on behalf of" Defendant. Id. ¶ 4.

The Court finds Defendants' multiple declarations convincing. They are consistent with one another and specify an alternate location where Ms. Varn

resides. See Loughlin v. Amerisave Mortg. Corp., No. 1:14-CV-3497-LMM-LTW, 2015 WL 13709947, at *4 (N.D. Ga. July 27, 2015) (defendant provided inconsistent evidence and did not specify an alternate residence), adopted by 2015 WL 13709966 (N.D. Ga. Aug. 24, 2015); Branch Banking & Tr. Co. v. Peretz, No. 1:18-cv-760-AT, 2018 WL 8949450, at *3 (N.D. Ga. Dec. 14, 2018) (denying motion to dismiss where "[d]efendant ha[d] not provided testimony via an affidavit or other supporting evidence"). Both declarations "satisf[y] the standard for an unsworn declaration under [28 U.S.C.] § 1746," and neither relies on inadmissible evidence. Udoinyion v. The Guardian Sec., 440 F. App'x 731, 735 (11th Cir. 2011) (per curiam). The burden thus "'shifts back to the plaintiff to produce evidence supporting jurisdiction' by showing service was made." Fresh v. Diamond Dev. Invs., Inc., No. 1:13–cv–2657–WSD, 2014 WL 3867596 (N.D. Ga. Aug. 5, 2014) (quoting Meier, 288 F.3d at 1269).

  Plaintiff has proffered no such evidence, and thus has failed to shoulder her burden. Though she calls Defendant's own declaration "self-serving," she does not dispute that Ms. Varn resides in Jacksonville. Dkt. No. [48] at 4–5. Instead, Plaintiff adverts to the difficulty of locating Defendant and says Defendant does, in fact, reside at the Anchorage address where Plaintiff served Ms. Varn with process. Id. at 4. However, Rule 4(e) is not concerned with the

degree of effort involved in finding a defendant and effecting service.[2] The question is simply whether Ms. Varn is a person of suitable age and discretion who resides at Defendant's usual place of abode. The fact that Defendant resides at the relevant Anchorage address clearly does not mean Ms. Varn resides there with him.

Simply put, Plaintiff does not contest that Ms. Varn resides in Jacksonville and Defendant resides in Anchorage. Therefore, the Court finds Plaintiff failed to properly effect service on Defendant in his individual capacity under Rule 4(e). Absent good cause, her individual-capacity claims against Defendant are subject to dismissal.

---

[2] Instead, as discussed below, this inquiry is relevant when determining under Rule 4(m) whether a plaintiff has demonstrated good cause for failure to timely serve.

### B. Good Cause

Plaintiff argues in the alternative that she had good cause for failing to properly serve Defendant. First, she says the COVID-19 pandemic and measures taken to control its spread thwarted the best efforts of her process server to effect service on the City of Alpharetta. Dkt. No. [48] at 5–6. Second, Plaintiff claims her "counsel did everything possible to locate and serve Defendant" but found it "particularly difficult" to do so because Defendant moved from Georgia to Alaska. Id. at 6. Plaintiff says she should be allowed to serve Defendant again, or request a waiver of service, because she now knows where Defendant resides and because Defendant's counsel represents other parties in this action. Id. at 7.

Plaintiff fails to account for the length of the delay between her commencement of this action and her attempt to serve Defendant at his Anchorage address. She filed suit on May 3, 2020 and filed a Return of Service on March 10, 2021—more than ten months later, and more than seven months after Rule 4(m)'s 90-day period had expired. Plaintiff did not have the Court's leave to wait that long; though the Court directed her in October 2020 to file a motion for an extension of time to serve Defendant, she never did so. Plaintiff attempted to serve Defendant only after the Court directed her to show cause why her individual-capacity claims against Defendant should not be dismissed. Such a long and unsanctioned delay weighs strongly against finding good cause. See Hong-Diep Vu v. Phong Ho, 756 F. App'x 881, 883 (11th Cir. 2018) (per curiam) (finding no good cause where plaintiffs were on notice that defendant had not

been properly served and "did nothing to cure that defect for more than ten months").

It is irrelevant to the service issues for Defendant Legg that COVID-19 may have made serving the *City of Alpharetta* more difficult. As the Court explained in a prior Order in this case, municipal employees sued in their official and individual capacities must also be served in both capacities. Dkt. No. [39] at 3; see also Lepone-Dempsey, 476 F.3d at 1281; Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991); Estate of Williams v. Douglas County, No. 1:16-CV-2913-ODE, 2017 WL 11448868, at *3 (N.D. Ga. Sept. 8, 2017). The Court has already dismissed Plaintiff's official-capacity claims against Defendant; only Plaintiff's individual-capacity claims are at issue here. See Dkt. No. [39]. Plaintiff offers no reason why her attempt to serve Defendant through the City of Alpharetta was the product of "some outside factor such as reliance on faulty advice, rather than inadvertence or negligence." Lepone-Dempsey, 476 F.3d at 1281 (alterations omitted). For all these reasons, Plaintiff has not demonstrated good cause for her failure to properly serve Defendant in his individual capacity.[3]

Although the Court has discretion "to extend the time for service[] even in the absence of good cause," granting such an extension would be inappropriate

---

[3] To the extent Plaintiff claims COVID-19 made individual-capacity service difficult, the pandemic—which has affected all civil plaintiffs—does not excuse her ten-month delay. The Court already rejected substantially the same argument when it found Plaintiff had not properly served another defendant in this case. See Dkt. No. [39] at 5. Here, as there, Plaintiff has not described any effort "to effect in-person service in a safe manner" or obtain a waiver of service during the ten months before she attempted to serve Defendant in Anchorage. Id.

here. Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1131 (11th Cir. 2005). Plaintiff points out that the statute of limitations on her claims against Defendant has expired, which would effectively render any dismissal of those claims a dismissal with prejudice. Dkt. No. [48] at 7–8. In some cases, that might warrant an extension of time. See Horenkamp, 402 F.3d at 1133. However, "the running of the statute of limitations does not require that a district court extend the time for service of process." Id. Instead, the Court must consider the statute of limitations alongside all other "facts of the case." Lepone-Dempsey, 476 F.3d at 1282.

Here, Plaintiff filed suit just before the statute of limitations would have extinguished her claims; failed to serve Defendant in his individual capacity within the time allowed by Rule 4(m); failed to move for an extension of time to serve Defendant, despite the Court's instruction on how to properly do so; failed to serve Defendant until the Court issued a show-cause order *sua sponte*, despite notice that Defendant had not been properly served; and then, when she attempted to serve Defendant ten months after filing her Complaint, failed to verify Defendant had been properly served. In light of this conduct, and in the absence of evidence that Defendant has attempted to "evad[e] service or conceal[] a defect in attempted service," the Court declines to exercise its discretion to extend the time for service of process.[4] Horenkamp, 402 F.3d at

---

[4] Plaintiff also argues the Court should afford her an extension of time because "the party to be served is a municipality" that is "on notice that a lawsuit has been

1133 (quoting Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendments); see Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996) ("An attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal."); Abele v. Hernando County, 161 F. App'x 809, 813 (11th Cir. 2005) (per curiam) (affirming dismissal where plaintiff waited seven months to perfect service); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (per curiam) (affirming dismissal, despite statute of limitations, where plaintiff "fail[ed] to seek an extension of time to perfect service" despite notice of a defect).

## IV. CONCLUSION

In light of the foregoing, Defendant James H. Legg's Motion to Dismiss [47] is **GRANTED**. Plaintiff's claims against Defendant in his individual capacity are **DISMISSED WITHOUT PREJUDICE**.

---

filed." Dkt. No. [48]. Plaintiff again misunderstands that Defendant must be served in his individual capacity and not through the City of Alpharetta. Furthermore, Defendant's notice of this suit—through counsel or otherwise—does not overcome Plaintiff's extended delay in attempting to comply with Rule 4. See Schnabel v. Wells, 922 F.2d 726, 728–29 (11th Cir. 1991), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132. It is also "not sufficient to cure" Plaintiff's "defectively executed service." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

**IT IS SO ORDERED** this <u>8th</u> day June, 2021.

                                                                                _____
                                                                                **Leigh Martin May**
                                                                                **United States District Judge**